**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
File No.: 122574

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FNTV, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HERRING NETWORKS, INC., <br><br> Defendant. | Case No: **'21 CV1309 TWR LL** <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff FNTV, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant HERRING NETWORKS, INC. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to these images and videos which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a website known as www.oann.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff

actively copied, stored, and/or displayed a screengrab from Plaintiff's Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. FNTV, LLC is a New York Limited Liability Company and maintains its principal place of business at 31- 64 21st Street, Astoria in Queens County, New York.

6. On information and belief, defendant Herring Networks, Inc., is a California Corporation with a principal place of business at 4757 Morena Blvd, San Diego in San Diego County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Herring Networks, Inc. because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Herring Networks, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owner of photographs and videos which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph and video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's

photographs and videos while many others are the subject of pending copyright applications.

13. Plaintiff's photographs and videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. Herring Networks, Inc. is the registered owner of the Website and is responsible for its content.

15. Herring Networks, Inc. is the operator of the Website and is responsible for its content.

16. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

17. The Website is monetized in that sells merchandise to the public and, on information and belief, Defendant profits from these activities.

18. On or about August 22, 2020, Plaintiff FNTV, LLC authored a video of Anti-DeBlasio Peaceful Protestors (the "*Video*"). A screenshot of the Video is attached hereto as Exhibit 1.

19. Plaintiff applied to the USCO to register the Video on September 22, 2020 under Application No. 1-9325465526.

20. The Video was registered by USCO on September 22, 2020 under Registration No. PA 2-263-993.

21. On or about August 23, 2020, Plaintiff observed the screengrab of the Video on the Website in a story published on or about August 23, 2020. A copy of screengrab of Website including the video is attached hereto as Exhibit 2.

22. A Screengrab of the video was displayed at URL: https://www.oann.com/save-our-city-protest-takes-place-outside-new-york-city-hall/.

23. The Screengrab of the video is stored at URL: https://d2pggiv3o55wnc.cloudfront.net/oann/wp-

content/uploads/2020/08/Capture-10.jpg

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" onto its Website.

25. On information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

28. On information and belief, the screengrab of the video was willfully and volitionally posted to the Website by Defendant.

29. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

30. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

31. On information and belief, Defendant monitors the content on its Website.

32. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

33. On information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

34. On information and belief, a large number of people have viewed the unlawful copies of the video screengrab on the Website.

35. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

36. Defendant's use of the screengrab of the video, if widespread, would harm Plaintiff's potential market for the video.

37. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

38. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39. The Video is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

41. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

42. Defendant's reproduction of the Video and display of the Screengrab constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural*

*Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

43. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 19, 2021

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122574